**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL SUPPLEMENTAL RETIREMENT FUND AND MID-AMERICA CARPENTERS REGIONAL COUNCIL APPRENTICE AND TRAINEE PROGRAM, | ) ) ) ) ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| J.N.S. CONSTRUCTION CORP. II and NOE NAVA, | ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**

Plaintiffs, the Mid-America Carpenters Regional Council Pension Fund, et al., by their attorney, Travis J. Ketterman of McGann Ketterman & Rioux, complain of the Defendants J.N.S. Construction Corp. II and Noe Nava as follows:

1.    This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA")(29 U.S.C. §§ 1132, 1145), and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 185(a), and the Illinois Wage Payment and Collection Act ("Wage Act"). 820 ILCS 115/1, et seq,. Jurisdiction is founded on the existence of questions arising thereunder, or under 28 U.S.C § 1367.

2.    The Mid-America Carpenters Regional Council Pension Fund, the Mid-America Carpenters Regional Council Health Fund, the Mid-America Carpenters Regional Council Supplemental Retirement Fund and the Mid-America Carpenters Regional Council Apprentice and

Trainee Program (collectively "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Mid-America Carpenters Regional Council, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3.       J.N.S. Construction Corp. II is an employer engaged in an industry affecting commerce that entered into a Collective Bargaining Agreement requiring J.N.S. Construction Corp. II to pay benefit contributions to the Trust Funds and to remit dues and Vacation Savings deducted from its carpenters employees' wages.

4.       J.N.S. Construction Corp. II is required to pay liquidated damages, interest, reasonable attorney fees, court costs, and other reasonable amounts incurred in the collection process.

5.       J.N.S. Construction Corp. II must submit a monthly contribution report listing the hours worked by its carpenter employees, and the benefit contributions owed to the Trust Funds. J.N.S. Construction Corp. II must also submit payment of the corresponding benefit contributions listed on its monthly contribution report to the Trust Funds.

6.       J.N.S. Construction Corp. II breached the provisions of the Collective Bargaining Agreement and the Trust Agreements by failing to submit the payments for the period of December 2024 through January 2025 in an amount of benefit contributions of at least $378,521.69.

7.       In addition, J.N.S. Construction Corp. II breached the provisions of the Collective Bargaining Agreement and the Trust Agreements by failing to submit the monthly contribution report and payment for February 2025. The amount owed for February 2025 is unknown to the Plaintiffs in the absence of the monthly contribution report.

2

8.      J.N.S. Construction Corp. II failed to submit liquidated damages and interest during the period from December 2023 through the present.  This amount is currently calculated at $80,638.71 in liquidated damages and $3,930.55 in interest as of the filing of the complaint.

9.      J.N.S. Construction Corp. II breached the provisions of the Collective Bargaining Agreements and the Trust Agreements by failing to submit Union dues withheld from its carpenter employees' wages in the amount of $18,113.79 for the months of December 2024 through January 2025.  The amount owed for February 2025 is unknown to the Plaintiffs in the absence of the monthly contribution report.

10.      J.N.S. Construction Corp. II breached the provisions of the Collective Bargaining Agreements and the Trust Agreements by failing to submit Vacation Fund contributions withheld from its carpenter employees' wages in the amount of $17,794.47 for the months of December 2024 through January 2025.  The amount owed for February 2025 is unknown to the Plaintiffs in the absence of the monthly contribution report.

11.      At all times material herein, there was in effect the Illinois Wage Payment and Collection Act ("Wage Act"), 820 ILCS 115/1, et seq.

12.      Defendant Noe Nava is an officer of J.N.S. Construction Corp. II.

13.      Defendant Noe Nava knowingly permitted and willfully refused to remit Union dues and vacation savings on behalf of its carpenter employees in violation of the Wage Act, 820 ILCS 115/14.

14.      Section 13 of the Wage Act provides that "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation, 820 ILCS 115/13.

15.      Defendant Noe Nava is an employer within the meaning of the Wage Act.

3

16.    Defendant Noe Nava deducted Union dues from J.N.S. Construction Corp. II's carpenter employees' wages and failed to remit that money to the Trust Funds.

17.    The Union dues are wages as defined by Section 2 of the Illinois Wage and Payment Collection Act, which have been assigned by the carpenter employees to the Union, 820 ILCS 115/2.

18.    Defendant Noe Nava deducted Vacation Savings money from J.N.S. Construction Corp. II's carpenter employees' wages and failed to remit that money to the Trust Funds.

19.    The Vacation Savings contributions are wages as defined by Section 2 of the Illinois Wage and Payment Collection Act, which have been assigned by the carpenter employees to the Union, 820 ILCS 115/2.

20.    This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367.

21.    Defendant Noe Nava is personally liable for Union dues withheld from J.N.S. Construction Corp. II's carpenter employees' wages in the amount of $18,113.79 for the months of December 2024 through January 2025. The amount owed for February 2025 is unknown to the Plaintiffs in the absence of the monthly contribution report.

22.    Defendant Noe Nava is personally liable for the Vacation Savings withheld from J.N.S. Construction Corp. II's carpenter employees' wages in the amount of $17,794.47 for the months of December 2024 through January 2025. The amount owed for February 2025 is unknown to the Plaintiffs in the absence of the monthly contribution report.

23.    Plaintiffs have complied with all conditions precedent in bringing this suit.

24.    Plaintiffs have been required to employ the undersigned attorney to collect the monies that may be found to be due and owing from the Defendants.

4

25.    Defendants are obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

26.    Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendants.

27.    Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

    a)    double interest on the unpaid contributions; or

    b)    interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

28.    Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded monthly.

WHEREFORE, Plaintiffs pray:

    a)    That J.N.S. Construction Corp. II be ordered to submit the monthly contribution reports for the period of February 2025 through the present.

    b)    That J.N.S. Construction Corp. II be ordered to pay all Union dues for the months of December 2025 through the present.

    c)    That J.N.S. Construction Corp. II be ordered to pay all benefit contributions for the months of December 2025 through the present.

    d)    That J.N.S. Construction Corp. II be ordered to pay liquidated damages pursuant to the Trust Agreements.

    e)    That J.N.S. Construction Corp. II be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(B).

    f)    That J.N.S. Construction Corp. II be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).

    g)    That J.N.S. Construction Corp. II be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).

h)      That Noe Nava be ordered to pay all Union dues and Vacation Savings withheld from J.N.S. Construction Corp. II's carpenter employees' wages during the months of December 2025 through the present.

i)      That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendants' costs pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND et al.

s/Travis J. Ketterman

By: _____

TRAVIS J. KETTERMAN

McGann Ketterman & Rioux
111 East Wacker Drive, Suite 2300
Chicago, Illinois 60601
(312) 251-9700
tketterman@mkrlaborlaw.com

March 19, 2025